## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

NOVUS FRANCHISING, INC.,

Plaintiff,

v.

MICHAEL L. DAWSON and
CARMIKE, INC.,

Defendants.

Civil No. 12-0529 (JRT/JJG)

**MEMORANDUM OPINION
AND ORDER**

James M. Susag and Susan E. Tegt, **LARKIN HOFFMAN DALY &
LINDGREN LTD,** 7900 Xerxes Avenue South, Suite 1500, Minneapolis,
MN 55431, for plaintiff.

This action came before the Court for a hearing on July 9, 2012, pursuant to

Plaintiff Novus Franchising, Inc.'s ("Novus's") motion for a preliminary injunction and

motion for default judgment. Novus alleges that Defendant Michael L. Dawson breached

a franchise agreement under which Dawson agreed to operate a Novus automotive glass

repair and replacement business. Novus terminated the franchise agreement as a result of

Dawson's alleged breaches. Novus alleges that Dawson has since violated the

agreement's non-compete provisions by operating an automotive glass replacement and

repair business, CarMike, and by using Novus's trade name, trademarks, and products in

connection with that business.[1] Novus brings a complaint alleging breach of a franchise

---

[1] Dawson seemed to allege at the July 9 hearing that CarMike is no longer in business
and that Dawson is no longer using Novus's trade name, trademarks, and products. The Court
will not consider these defenses because Dawson has not filed an answer.

agreement and equipment lease, conversion, trademark infringement, violation of the Minnesota Deceptive Trade Practices Act, unjust enrichment, and unfair competition and demanding an audit, attorneys' fees, and costs. At the Court's hearing on July 9, James M. Susag and Susan E. Tegt appeared on behalf of Novus. Dawson participated in the hearing by phone but has not filed an answer or otherwise appeared in this case. For the reasons outlined below, the Court will grant Novus's motions, in part, and will dismiss Defendant CarMike, Inc.

## I.    PERSONAL JURISDICTION

The Court must first determine if it has jurisdiction over defendants. A plaintiff must allege sufficient facts in a complaint supporting a reasonable inference that the court can exercise personal jurisdiction over the defendants. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). "Because Minnesota's long-arm statute is 'coextensive with the limits of due process,' the only question is whether the exercise of personal jurisdiction comports with due process." *CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc.*, 259 F.R.D. 398, 404 (D. Minn. 2009) (quoting *Minn. Mining & Mfg. Co. v. Nippon Carbide Indus., Inc.*, 63 F.3d 694, 697 (8th Cir. 1995)); Minn. Stat. § 543.19. "Due process requires "minimum contacts" with the forum state. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

The Court finds that it has jurisdiction over Dawson because, among other contacts, Dawson contracted with Novus, a Minnesota corporation, to operate a Novus franchise. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985).

Furthermore, Dawson signed a forum selection clause with Novus, selecting Minnesota as the forum for future disputes. *See id.* at 472. These contacts are sufficient to establish jurisdiction.

The Court further finds, however, that Novus has not established that this Court has jurisdiction over CarMike, Inc. CarMike, Inc. is a Virginia corporation that allegedly has some relationship to CarMike, the automotive glass replacement and repair business currently operated by Dawson. (*See* Compl. ¶¶ 3, 7-8, 12.) Novus has not alleged any independent contacts that CarMike, Inc. has had with Minnesota, relying instead on Dawson's actions to establish jurisdiction over CarMike, Inc. However, Novus has not shown that Dawson was acting as CarMike, Inc.'s agent when he entered into a franchise agreement with Novus. In fact, the complaint does not allege that CarMike, Inc. had any relationship to Dawson's Novus franchise before Novus terminated Dawson's contract. Thus, Novus has established no basis to impute Dawson's contacts with Minnesota to CarMike, Inc. Accordingly, this Court cannot exercise personal jurisdiction over CarMike, Inc. and will dismiss CarMike, Inc. from this action.

The Court cautions Dawson, however, that the dismissal of CarMike, Inc. does not give Dawson permission to fail to comply with injunctions or other orders entered by this Court. Dawson must comply with these orders, including the injunctions entered below.

## II.      PRELIMINARY INJUNCTION

The Court must next determine if Novus is entitled to a preliminary injunction. The Court concludes that Novus's motion for a preliminary injunction should be granted

insofar as it demands that Dawson cease using Novus's marks and products. As this Court held in *Novus Franchising, Inc. v. Oksendahl*, No. 07-1964, 07-1965, 2007 WL 2084143, at *3 (D. Minn. July 17, 2007), Novus has a legitimate business interest in protecting the goodwill that is associated with the Novus mark and Novus products. Therefore, the Court finds that, to the extent that Novus seeks an injunction stopping Dawson from using Novus's marks and products, Novus has demonstrated a probability of success on the merits of its claims, that it will suffer irreparable harm if injunctive relief is not granted, that the harm it would suffer is greater than any harm imposed upon Dawson resulting from the injunctive relief, and that the public interest favors the granting of injunctive relief in this matter. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).[2]

However, the Court will not grant Novus's request for preliminary injunction insofar as it restricts Dawson from engaging in any "related business that is in any way competitive with or similar to" Novus's business for a period of two years following termination of the franchise agreement. The Court is not persuaded that this aspect of the non-compete provision is no more restrictive than necessary to protect Novus's legitimate business interests. *See Life Time Fitness, Inc. v. DeCelles*, No. 12-420, 2012 WL 639453, at *4 (D. Minn. Feb. 28, 2012) (stating that a non-compete agreement must be reasonable under Minnesota law). As this Court previously explained in *Oksendahl*, a non-compete agreement that extends to all business products and services that compete

---

[2] The Court will also grant the other aspects of Novus's request for a preliminary injunction, outlined in the Order below, enforcing reasonable aspects of Novus's contract with Dawson.

with the Novus business, even those products and services that do not involve Novus trademarks or Novus products, is likely to be more restrictive than necessary to protect Novus's legitimate business interests.   2007 WL 2084143, at *3.   Furthermore, for the same reasons outlined in *Oksendahl*, Novus has not shown that it will suffer irreparable harm if Dawson continues to operate his business without using Novus products or services, nor has Novus shown that the balance of the harms or the public interest weighs against allowing Dawson to continue to operate his business without Novus marks or products.[3]  Accordingly, the Court will grant the preliminary injunction only in part.

## III.   DEFAULT JUDGMENT

The Court must next consider Novus's motion for default judgment.   Because Dawson has not filed an answer, the Court will grant default judgment on Novus's claims, with the exception of Count IV.[4]

As part of its request for default judgment, Novus seeks a permanent injunction enforcing its non-compete agreement.   The Court is inclined to grant this injunction to the

---

[3] *See Oksendahl*, 2007 WL 2084143, at *3-5 (holding (1) that it is unclear how Novus would suffer irreparable harm when the defendants provided glass repair services and products that have nothing to do with the Novus name and (2) that the balance of harms and public interest weighed in favor of granting a preliminary injunction only with respect to the defendants' use of Novus marks and products).

[4] Count IV alleges that Dawson breached the franchise agreement because he has had an interest in, and assisted with the operation of, a competitive business engaged in automotive glass repair and replacement in a certain area within two years of the termination of the franchise agreement.  As explained above, at this stage, the Court finds that a non-compete agreement that extends to all business products and services that compete with the Novus business, even those products and services that do not involve Novus trademarks or Novus products, is likely to be more restrictive than necessary to protect Novus's legitimate business interests.  The Court reserves its final decision on this issue, however.

extent that it demands that Dawson cease using Novus's marks and products because, as explained above, Novus has a legitimate business interest in protecting the goodwill that is associated with its marks and products. *See Oksendahl*, 2007 WL 2084143, at *3.[5] Novus further requests $38,512.15 for amounts due and owing under the franchise agreement and equipment lease and an award of costs, disbursements, and attorneys' fees of $18,118.57. At this stage, Novus has demonstrated that it is entitled to these awards. However, the Court will give Dawson sixty days to file an answer to the complaint to address these issues.[6] If Dawson fails to answer, the Court will issue a permanent injunction banning Dawson from using Novus's marks and products and will enter the requested monetary judgment.

Finally, the Court orders that, within ten days of this Order, Dawson submit certain financial records to Novus so that Novus can determine the full amounts owed to it by Dawson.

## ORDER

Based upon all of the files, records, and proceedings herein and the arguments of counsel, **IT IS HEREBY ORDERED** that:

1.    Defendant CarMike, Inc. is **DISMISSED**.

---

[5] The Court is not inclined to grant the permanent injunction to the extent that it enforces the non-compete agreement that extends to all business products and services that compete with the Novus business.

[6] The Court reminds Dawson that, if he wishes to respond to Novus's allegations, he must file an answer in this case. Dawson's informal communications with the Court are not substitutes for filing an answer.

2.      Plaintiff's Motion for a Preliminary Injunction [Docket No. 5] against defendant Michael L. Dawson is **GRANTED in part** and **DENIED in part**, as follows:

a.      Effective immediately, defendant Michael L. Dawson is hereby **RESTRAINED AND ENJOINED** from:

(1)     using or displaying Novus trademarks, copyrights, products, tools, technology, or techniques in connection with glass repair and the glass repair business; and

(2)     Retaining any manual or other confidential or proprietary information provided to him under the Franchise Agreement.

b.      Defendant Michael L. Dawson shall:

(1)     Return all confidential and proprietary materials of Novus to Novus including, but not limited to, all manuals and equipment, within five (5) days of the date of this Order;

(2)     Remove and return to Novus or destroy all signage, promotional materials, and other materials bearing the Novus Marks, within five (5) days of the date of this Order;

(3)     Immediately take such steps as necessary to effect the transfer of all telephone numbers, including all fax numbers and other listings for or associated with defendant Michael L. Dawson's former Novus franchise, including but not limited to the telephone and/or fax number (804) 261-1193 to Novus or its designee;

(4)    In the event defendant Michael L. Dawson fails to effect the transfer of the telephone, fax, and other listings for or associated with his former Novus franchise, defendant Michael L. Dawson authorizes Novus to direct the telephone company, all listing agencies, and internet service providers, to transfer all fax and telephone numbers and listings to Novus. A copy of this Order shall serve as authorization by defendant Michael L. Dawson to the telephone company, all listing agencies, and internet service providers, to transfer any telephone and/or fax numbers formerly associated with defendant Michael L. Dawson's former Novus franchise, including but not limited to (804) 261-1193, to Novus or its designee; and

(5)    Provide proof to plaintiff's counsel of all steps taken pursuant to this Order, within seven (7) days of the date of this Order.

c.    In accordance with Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff shall post a bond with the Clerk in the amount of $1,000.00 for the payment of such costs and damages as may be incurred or suffered by defendant Michael L. Dawson in the event defendant is found to have been wrongfully enjoined or restrained.

d.    This preliminary injunction shall go into effect upon the posting of the bond, and shall remain in effect until further order of this Court dissolving this preliminary injunction.

3.       Plaintiff's Motion for Default Judgment [Docket No. 14] against defendant

Michael L. Dawson is **GRANTED in part** and **DENIED in part**, as follows:

a.       Novus shall have judgment entered in its favor and against defendant

Michael L. Dawson on Counts I, II, III, V, VI, VII, VIII, IX, and X, but only

insofar as these causes of action do not seek to enforce non-compete restrictions,

identified by the Court above, that may be unreasonable.

b.       Defendant Michael L. Dawson shall submit all financial records

referring or relating to his Novus business dating from September 1, 2010 through

October 31, 2011 to Plaintiff's counsel within ten (10) days of the date of this

Order.  In the event an audit of the financial records shows that additional royalties

are due and owing from defendant Michael L. Dawson to plaintiff, plaintiff shall

have the right and authority to petition this Court for judgment in the additional

amount.  If the amounts due and owing are in excess of $500.00, plaintiff may

petition for an award of its costs and expenses associated with the audit.

c.       The Court reserves judgment on the remainder of the plaintiff's

motion for default judgment.

4.       Defendant Michael L. Dawson shall file an answer to the complaint within

sixty (60) days of the date of this Order.  If an answer is not filed, plaintiff may move for

a permanent injunction.

5.      The Clerk of Court is **DIRECTED** to mail a copy of this Order to Michael

Dawson, 10501 Runnymeade Drive, Glen Allen, VA  23059.


DATED:   July 25, 2012                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                          United States District Judge