**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| NOVUS FRANCHISING, INC., | Civil No. 12-529 (JRT/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| MICHAEL L. DAWSON, | |
| Defendant. | |

James M. Susag and Susan E. Tegt, **LARKIN HOFFMAN DALY & LINDGREN LTD,** 7900 Xerxes Avenue South, Suite 1500, Minneapolis, MN  55431; and Kay Nord Hunt, **LOMMEN, ABDO, COLE, KING & STAGEBERG, PA**, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402, for plaintiff.

Michael L. Dawson, 10501 Runnymeade Drive, Glen Allen, VA  23059, *pro se*.

Plaintiff Novus Franchising, Inc. ("Novus") brought this action claiming that defendant Michael L. Dawson breached a franchise agreement wherein Dawson agreed to operate a Novus automotive glass repair and replacement business.  Novus terminated the franchise agreement as a result of Dawson's alleged breaches.  Novus alleges that Dawson has since violated the agreement's non-compete provisions by operating an automotive glass replacement and repair business, CarMike, and by using Novus's trade name, trademarks, and products in connection with that business.  Dawson brings counterclaims against Novus alleging common law fraud and violations of the Minnesota

Franchise Act ("MFA"). Novus moves to dismiss those counterclaims. On March 15, 2013, Magistrate Judge Jeanne J. Graham filed a Report and Recommendation ("R&R") recommending that the Court grant Novus's motion regarding the MFA claim but deny it as to the common law fraud claim. Dawson objects to the R&R's conclusion that his MFA claim should be dismissed because the three-year statute of limitations has run. Because Dawson's counterclaim pleads facts supporting an inference that the statute of limitations would not bar his claim, the Court will sustain Dawson's objections and overrule the R&R to the extent it recommends dismissal of Dawson's MFA claim.

## BACKGROUND

In 1990, Dawson and his father purchased an automotive glass repair franchise from Novus. (Countercl. ¶ 12, Sept. 21, 2012, Docket No. 41.) Then, in 1998, Dawson entered into an independent franchise agreement with Novus. (*Id.*; Answer ¶ 19, Sept. 21, 2012, Docket No. 41.) Novus's Director of Franchise Development, Jim Olson, promised Dawson on numerous occasions that he would have a right of first refusal for any new franchises opened in his territory. (Countercl. ¶¶ 9, 17.) Specifically, during negotiations of Dawson's 1998 franchise agreements and a 2008 renewal agreement, Olson promised Dawson that Novus would not sell another franchise in Dawson's territory without granting him a right of first refusal. (*Id.* ¶¶ 9, 17.) Dawson alleges that he signed the franchise agreements in reliance on these promises and that Olson made these false promises for the purpose of inducing him to sign the agreements. (Answer ¶ 36; Countercl. ¶¶ 9, 18.)

Dawson signed the 2008 franchise agreement on June 25, 2008. (Countercl. ¶ 26.)

During the negotiation of this agreement, Olson concealed from Dawson the fact that Novus had already sold a franchise covering Dawson's entire territory to a new franchisee, Barry Robinson. (*Id.* ¶¶ 4, 9, 22.) Olson told Dawson about Robinson's franchise "[w]ithin a few months" of the execution of the 2008 franchise agreement. (*Id.* ¶ 27.) At the end of 2008, Robinson opened a glass repair and replacement business three miles from Dawson's franchise, which "virtually destroyed Dawson's business within a few years." (*Id.* ¶ 29.) Robinson set ruinously low prices that did not even cover the costs of repair and replacement, leading Dawson's customers to complain about his prices. (*Id.*) Robinson also acquired a reputation for poor quality work, largely due to his inexperience, and customers came to associate the Novus name and brand with poor quality, which damaged Dawson's business. (*Id.*)

In 2008, before Dawson signed the renewal franchise agreement, his business had monthly revenues of around $10,000. (*Id.* ¶ 30.) By the middle of 2010, because of Robinson's business, Dawson's monthly revenue was reduced to $3,000 to $4,000. (*Id.*) Dawson stopped making royalty payments to Novus after October 2010 because he could no longer afford them. (*Id.* ¶ 31.)

## ANALYSIS

**I.  STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district

judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, the Magistrate Judge issued a recommendation applying Federal Rule of Civil Procedure 12(b)(6). Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true and construes the pleadings in a light most favorable to the non-moving party. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Rule 12(b)(6) also authorizes the Court to dismiss a claim on the basis of a dispositive legal issue. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

## II.   MFA CLAIM

The MFA prohibits offering or selling a franchise by means that include either "an untrue statement of a material fact" or an omission of a material fact that would be necessary to make a previously made statement not misleading. Minn. Stat. § 80C.13, subd. 2. The MFA allows a plaintiff to bring a claim "to recover the actual damages sustained by the plaintiff," by reason of the defendant's violation of the statute. Minn. Stat. § 80C.17, subd. 3.

## A.  Statute of Limitations

Novus argues that Dawson's MFA claim is barred by the MFA's statute of limitations. The MFA provides that "[n]o action may be commenced [under the MFA] more than three years after the cause of action accrues," but does not define when a cause of action under the statute accrues. Minn. Stat. § 80C.17, subd. 5. Dawson filed his answer and counterclaim on September 21, 2012. Therefore, for Dawson's counterclaim to be timely, the cause of action would have had to accrue after September 21, 2009.

Generally, a plaintiff's cause of action accrues "when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 832 (Minn. 2011). Under the discovery rule of accrual, however, the statute of limitations for a cause of action begins running when the plaintiff knew, or should have known through the exercise of reasonable diligence, of the facts constituting the cause of action. *See* Minn. Stat. § 541.05, subd. 1(6); *Klehr v. A.O. Smith Corp.*, 87 F.3d 231, 235 (8th Cir. 1996) (discussing discovery rule for fraud claims); *Teng Moua v. Jani-King of Minn., Inc.*, 810 F. Supp. 2d 882, 903-04 (D. Minn. 2011). When the discovery rule applies, "the burden is on the plaintiff to allege and prove that he did not discover the facts constituting the fraud until within [three] years before the commencement of the action." *See Kassan v. Kassan*, 400 N.W.2d 346, 349 (Minn. Ct. App. 1987); *see also Flowers v. Bennett*, No. C1-87-1648, 1987 WL 28329, at *2 (Minn. Ct. App. Dec. 22, 1987).

Although Minnesota state courts have not yet addressed this issue, courts in this district have concluded that the discovery rule of accrual applies to claims for misrepresentations under the MFA.  *See Ellering v. Sellstate Realty Sys. Network, Inc.*, 801 F. Supp. 2d 834, 842 (D. Minn. 2011); *see also Randall v. Lady of Am. Franchise*, Civ. No. 04-3394, 2005 WL 2709641, at *2 (D. Minn. Oct. 21, 2005).  These courts concluded that the discovery rule applies because claims of misrepresentation under the MFA sound in fraud, and Minnesota law applies the discovery rule to fraud claims.  *See Ellering*, 801 F. Supp. 2d at 842; *see also Juster Steel & Carlson Cos.*, 366 N.W.2d 616, 620 (Minn. Ct. App. 1985) ("Minnesota courts have recognized that negligent misrepresentation constitutes fraud . . . .").  Because Dawson's MFA claim arises out of alleged misrepresentations, the Court will apply the discovery rule of accrual to Dawson's claims.

Dawson argues that his cause of action under the MFA did not accrue until October 2010, because that is when he discovered that he had been damaged by Novus's alleged MFA violation.  Novus, on the other hand, argues that Dawson's cause of action accrued in late 2008, when Dawson learned that Novus had sold a franchise to Robinson, in contravention of Novus's alleged representations.  Therefore, the Court must determine whether damage is one of "the facts constituting" the cause of action, of which the plaintiff must have known or had reason to know, in order for his cause of action to have accrued under the discovery rule.

If a cause of action contains damage as an element, that cause of action cannot survive a motion to dismiss until damage has been sustained.  *See Dalton v. Dow Chem.*

*Co.*, 158 N.W.2d 580, 584 (Minn. 1968) ("An action for negligence cannot be maintained, nor does the statute of limitations begin to run, until damage has resulted from the alleged negligence. . . . Thus, the alleged negligence . . . coupled with the alleged resulting damage is the gravamen in deciding the date upon which the cause of action at law herein accrues."); *see also Monona Shores, Inc. v. U.S. Steel Corp.*, 374 F. Supp. 930, 936 (D. Minn. 1973) (explaining that to show a statutory cause of action had accrued "does not require that the plaintiff have the best evidence possible of his damage, but rather only that the damages be provable"). Therefore, if damages are a required element of a cause of action, that claim will not accrue, and the statute of limitations will not begin to run until some damage has been sustained. Applying this principle to the discovery rule of accrual, the Court concludes that where a plaintiff's cause of action – such as Dawson's claim seeking to recover damages under the MFA[1] – requires allegations of damage to survive a motion to dismiss, the plaintiff's cause of action does not accrue until he knew or should have known that he had suffered damage.

The Court finds that Dawson has met his burden of alleging that he did not know of the facts underlying his MFA claim until the middle of 2010, when he learned that he had been damaged by Novus's alleged violation of the MFA. Dawson alleges that Robinson set "ruinously low" prices when his business opened in late 2008, and that customers complained to Dawson about the prices he had established after Robinson's business opened. Although Robinson opened his franchise in late 2008, Dawson alleges

---

[1] Dawson's counterclaim seeks only actual damages and does not seek rescission, injunctive relief, or any other remedy available under the MFA. (Countercl. ¶ 38.) The Court therefore is not confronted with the question of when a plaintiff's cause of action would accrue under the MFA where the plaintiff seeks relief other than or in addition to damages.

that Robinson's business virtually destroyed Dawson's business "within a few years," indicating that Dawson may not have known or had reason to know that he had sustained damage prior to September 21, 2009. Dawson also alleges that he knew his business was damaged when his revenues were reduced from $10,000 per month to $3,000 to $4,000 per month in the middle of 2010 and when he was unable to pay his franchise dues in October 2010. Based on these allegations, the Court finds that Dawson has met his burden of alleging that he did not discover the facts constituting the entirety of his MFA claim until after September 21, 2009, within three years before the commencement of the action. *See Kassan*, 400 N.W.2d at 349. Although "the running of the statute [of limitations] does not depend on the ability to ascertain the exact amount of damages," *Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 (Minn. 1999) (footnote omitted), the statute of limitations did not begin to run on Dawson's MFA claim until he knew or should have known that he had suffered some damages recoverable under the statute.

Furthermore, the Court finds dismissal on the basis that Dawson should have known of his damages prior to September 21, 2009, inappropriate. Discovery of a cause of action is judged under a reasonable person standard, looking to whether, by reasonable diligence, the cause of action should have been discovered. *Doe v. Archdiocese of St. Paul*, 817 N.W.2d 150, 172 (Minn. 2012). "[T]he requirement of reasonable diligence imposes an affirmative duty to investigate upon a party who is aware of facts that might constitute a possible cause of action for fraud." *Klehr*, 87 F.3d at 237. "[N]ormally in a statute of limitations context fraudulent concealment and a plaintiff's due diligence are

questions of fact. . . ." *Hines v. A.O. Smith Harvestore Prods., Inc.*, 880 F.2d 995, 999 (8th Cir. 1989). Resolution of a question of due diligence as a matter of law is appropriate only where "the evidence leaves no room for a reasonable difference of opinion." *Miles v. A.O. Smith Harvestore Prods., Inc.*, 992 F.2d 813, 817 (8th Cir. 1993). Here, Dawson alleges that he knew in late 2008 that Novus had broken its promises to him and had sold a franchise in his territory to Robinson. The Court declines to find that, as a matter of law, reasonable due diligence required Dawson to have investigated and discovered prior to September 21, 2009, that Robinson's low prices and shoddy work were harming his customer relationships and business. Because Dawson's counterclaim pleads facts indicating that he may not, through the exercise of reasonable diligence, have known of his damages before September 21, 2009, the Court will deny Novus's motion to dismiss Dawson's MFA claim on statute of limitations grounds.

### B. Reasonable Reliance

In support of its motion to dismiss Dawson's MFA counterclaim, Novus argued that in addition to being barred by the statute of limitations, Dawson's counterclaim failed to allege reasonable reliance. Having decided that the statute of limitations bars his MFA claim, the Magistrate Judge did not reach the issue of whether Dawson's MFA claim would also be subject to dismissal for failure to plead reasonable reliance. (*See* R&R at 5.) The Magistrate Judge did, however, conclude that Dawson's counterclaim for common law fraud adequately pled reasonable reliance and therefore recommended that the Court deny Novus's motion to dismiss with respect to that claim. (*Id.* at 5-8.) Assuming, without deciding, that reasonable reliance is an element of an MFA claim,

*compare Ellering*, 801 F. Supp. 2d at 845, *with Randall*, 532 F. Supp. 2d at 1086, the Court finds that the Magistrate Judge's conclusions about the adequacy of Dawson's reasonable reliance allegations for common law fraud, (*see* R&R at 5-8), apply equally to his MFA claim because Dawson's MFA and fraud claims are based on identical misrepresentations, (*see* Countercl. ¶¶ 9, 35). Because Novus did not object to the Magistrate Judge's conclusion that Dawson's fraud claim adequately pled reasonable reliance, the Court will not review that determination as it applies to Dawson's MFA claim. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Accordingly, the Court will deny Novus's motion to dismiss.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS** Defendant's Objections [Docket No. 66] and **REJECTS in part** and **ADOPTS in part** the Report and Recommendation of the Magistrate Judge dated March 15, 2013 [Docket No. 65]. **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims [Docket No. 45] is **DENIED**.

DATED: August 20, 2013    \_\_\_\_s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
                          United States District Judge